**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREG COURNOYER,** : | |
| : | |
| **Plaintiff** | **CIVIL ACTION NO. 3:13-2610** |
| : | |
| **v.** | |
| : | **(MANNION, D.J.)** |
| **UNITED STATES OF AMERICA,** | **(CARLSON, M.J.)** |
| : | |
| **Defendant** : | |

# M E M O R A N D U M

Pending is the report and recommendation of Judge Carlson. (Doc. 18). Pro se federal prisoner plaintiff Greg Cournoyer brought a Federal Tort Claims Act ("FTCA") action for salmonella poisoning he suffered when the prison served him bad chicken. (Doc. 1). Settlement was reached and the case was dismissed in December 2013. (Docs. 12, 13). However, plaintiff wrote the court in March 2014, (Doc. 15), stating that he had only received part of the money he had been promised in the settlement and requesting that the case be reopened. No objections to the report and recommendation were filed. For the following reasons, the report is **ADOPTED IN FULL** and plaintiff's request is **DENIED**.

## I.    STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of

1

a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

II.   **DISCUSSION**

Plaintiff's letter indicates that he received $950 of the $1500 he was promised in his settlement agreement. Judge Carlson ordered defendant to

2

explain the apparent deficiency, and the United States represented that the United States Treasury Department had offset the judgment due to a debt the plaintiff owes to the government. (Doc. 17). The government represents that for privacy reasons, the Treasury does not disclose why an offset was made, but that they contacted the Judgment Fund Branch and received a confirmation that an offset occurred in plaintiff's case. (Doc. 20).

As Judge Carlson's report explains, pursuant to 31 U.S.C. §§3716, 3728, the Treasury must withhold paying those parts of judgments which equal debts owed by plaintiff to the United States. The report also explains that there is an extensive regulatory framework through which these offsets are reported to the Treasury and by which plaintiffs may challenge these offsets. The well-considered report thus lists seven reasons that plaintiff's letter motion should be denied, including that the settlement agreement has been complied with substantially, that plaintiff has received a benefit through the offset, that the offset is mandated by law, that the interest of third parties could be disturbed by attempting to modify the offset action, and that plaintiff was not entitled to "additional, specific notice that proceeds obtained in this settlement might... be subject to a Treasury offset." For the reasons identified by Judge Carlson's thorough report, plaintiff's motion is **DENIED**.

If plaintiff disputes the offset, his relief lies in administrative remedies or separate litigation. Plaintiff may call (800) 304-3107, or contact the judgment fund at Judgment Fund Branch, Financial Management Services, U.S.

3

Department of Treasury, 3700 East West Highway, Room 6E15, Maryland, 20782. When contacting the judgment fund, plaintiff should reference his payment number, which is 014092014.

### III.   CONCLUSION

In light of the foregoing, Judge Carlson's report and recommendation is **ADOPTED IN FULL** and plaintiff's motion to reopen his case is **DENIED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 28, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2610-01.wpd